IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OMEROS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| PAR STERILE PRODUCTS, LLC and PAR | ) | |
| PHARMACEUTICAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Omeros Corporation, by its undersigned attorneys, brings this action against Defendants Par Sterile Products, LLC, and Par Pharmaceutical, Inc. (collectively, "Defendants" or "Par"), and hereby alleges as follows:

## NATURE OF THE ACTION

1.     This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, et seq., arises from Defendants' submission of Abbreviated New Drug Application ("ANDA") No. 208417 to the United States Food and Drug Administration ("FDA").  Through this ANDA, Defendants seek approval to market a generic version of the pharmaceutical product Omidria® (phenylephrine and ketorolac injection, 1%/0.3%) prior to the expiration of United States Patent No. 8,173,707; United States Patent No. 8,586,633; and United States Patent No. 9,066,856.  Plaintiff seeks injunctive relief precluding infringement, attorneys' fees, and any other relief the Court deems just and proper.

## THE PARTIES

2.     Plaintiff Omeros Corporation is a corporation organized and existing under the laws of the State of Washington, and having a place of business at 201 Elliott Avenue West,

Seattle, Washington 98119.  Omeros is a biopharmaceutical company committed to discovering, developing and commercializing both small-molecule therapeutics and protein therapeutics.

3.      On information and belief, Defendant Par Sterile Products, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, and having a principal place of business at Morris Corporate Center 2, One Upper Pond Road, Parsippany, New Jersey 07054.

4.      On information and belief, Defendant Par Pharmaceutical, Inc., is a corporation organized and existing under the laws of the State of Delaware, and having a place of business at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

5.      On information and belief, Defendant Par Sterile Products, LLC, is an indirect, wholly-owned subsidiary of Defendant Par Pharmaceutical, Inc.

6.      On information and belief, Defendants collaborate with respect to the development, regulatory approval, marketing, sale and/or distribution of pharmaceutical products.

7.      On information and belief, Defendants collaborated in the preparation and submission of ANDA No. 208417 (the "Par ANDA") and continue to collaborate in seeking FDA approval of that application.  For example, Defendant Par Pharmaceutical, Inc., mailed Omeros a notice of certification letter for the Par ANDA pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) stating the notice was "on behalf of Par Sterile Products, LLC."  On information and belief, Defendants intend to collaborate in the commercial manufacture, marketing, offer for sale, and sale of the product described in the Par ANDA (the "ANDA Product") throughout the United States, including in the State of Delaware, in the event FDA approves the Par ANDA.

## JURISDICTION AND VENUE

8.      This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271, and alleges infringement of United States Patent No. 8,173,707; United States Patent No. 8,586,633; and United States Patent No. 9,066,856.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9.      On information and belief, this Court has personal jurisdiction over Defendant Par Sterile Products, LLC, because, inter alia, it is a company organized and existing under the laws of the State of Delaware.

10.     On information and belief, this Court has personal jurisdiction over Defendant Par Pharmaceutical, Inc., because, inter alia, it is a corporation organized and existing under the laws of the State of Delaware.

11.     This Court also has personal jurisdiction over Defendants Par Sterile Products, LLC, and Par Pharmaceutical, Inc., because each Defendant has continuous and systematic contacts with Delaware.  Further, each Defendant has committed, or aided, abetted, contributed to and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiff, which manufactures Omidria® for sale and use throughout the United States, including this judicial district.

12.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## OMEROS'S APPROVED OMIDRIA® DRUG PRODUCT AND PATENTS

13.     Omeros makes and sells Omidria® (phenylephrine and ketorolac injection, 1%/0.3%), a combination product used during cataract surgery or intraocular lens replacement to

maintain pupil size by preventing miosis and to reduce postoperative pain.  Omidria® contains two active ingredients: phenylephrine hydrochloride and ketorolac tromethamine.

14.     Omidria® is the first FDA-approved product for intraocular use during cataract surgery or intraocular lens replacement that both prevents intraoperative miosis (pupil constriction) and reduces postoperative pain.

15.     Omeros is the holder of New Drug Application ("NDA") No. 205388 for Omidria®.  FDA approved NDA No. 205388 for Omidria® in May 2014, and granted Omidria® three years of regulatory exclusivity pursuant to 21 C.F.R. 314.108.

16.     Omeros owns United States Patent No. 8,173,707 (the "'707 Patent"); United States Patent No. 8,586,633 (the "'633 Patent"); and United States Patent No. 9,066,856 (the "'856 Patent").

17.     The '707 Patent, the '633 Patent, and the '856 Patent are listed in the Approved Drug Products With Therapeutic Equivalence Evaluations (an FDA publication commonly known as the "Orange Book") for Omidria®.

18.     The '707 Patent, entitled "Ophthalmologic Irrigation Solutions and Method," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on May 8, 2012.  A true and correct copy of the '707 Patent is attached as Exhibit A.

19.     The '633 Patent, entitled "Ophthalmologic Irrigation Solutions and Method," was duly and lawfully issued by the USPTO on November 19, 2013.  A true and correct copy of the '633 Patent is attached as Exhibit B.

20.     The '856 Patent, entitled "Stable Preservative-Free Mydriatic and Anti-inflammatory Solutions for Injection," was duly and lawfully issued by the USPTO on June 30, 2015.  A true and correct copy of the '856 Patent is attached as Exhibit C.

## DEFENDANTS' ANDA

21.     On information and belief, Defendants have submitted or caused to be submitted ANDA No. 208417 to FDA under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use or sale of ketorolac tromethamine, phenylephrine hydrochloride solution, as a purported generic version of Omidria®, prior to the expiration of the '707, '633, and '856 Patents.

22.     On information and belief, on or about July 23, 2015, Defendant Par Pharmaceutical, Inc., mailed Plaintiff a letter regarding "Ketorolac Tromethamine; Phenylephrine Hydrochloride Solution[,] United States Patent Nos. 8,173,707; 8,586,633; and 9,066,856[,] Notice of Paragraph IV Certification" (the "Notice Letter").  The Notice Letter sent by Par Pharmaceutical, Inc., stated that it was sent "on behalf of Par Sterile Products, LLC" and represented that Defendant Par Sterile Products, LLC, has submitted to FDA ANDA No. 208417 and a purported Paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of the product described in the Par ANDA before the expiration of the patents listed in the Orange Book for Omidria®.  Hence, Defendants' purpose in submitting the Par ANDA is to manufacture and market the ANDA Product before the expiration of the '707, '633, and '856 Patents.

23.     Par's Notice Letter stated that the Paragraph IV certification in the Par ANDA alleges that the '707, '633, and '856 Patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the ANDA Product.

24.     Par's Notice Letter contained a "Detailed Statement of the Factual and Legal Bases for Par's Opinion that United States Patent Nos. 8,173,707, 8,586,633, and 9,066,856 Are Invalid, Unenforceable, and/or Will Not Be Infringed" ("Detailed Statement").

25.     Par's Detailed Statement, however, did not identify any theory of non-infringement for the '707 Patent, the '633 Patent, or the '856 Patent.

26.     Par's Notice Letter included an Offer of Confidential Access to the Par ANDA, subject to restrictions and terms set forth in the Notice Letter ("OCA"). Par's OCA imposed unreasonable restrictions and terms on Plaintiff for access to the Par ANDA, including restrictions limiting access to the Par ANDA to only two outside counsel and two in-house counsel and prohibiting Plaintiff's outside counsel who view the Par ANDA from engaging in any patent prosecution for Omeros. See, e.g., In re Deutsche Bank Trust Co. Ams., 605 F.3d 1373, 1381 (Fed. Cir. 2010). These restrictions exceed those permitted by 21 U.S.C. § 355(j)(5)(C)(i)(III), which provides for "restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information."

27.     After receiving Defendants' Notice Letter and accompanying OCA, Plaintiff wrote to Defendants in an effort to negotiate reasonable terms of access to the Par ANDA. In its letter, Plaintiff explained its objections to particular terms and proposed compromises. For twenty-four days, however, Par did not respond to Plaintiff's letter. In its eventual response, Par then sought to impose certain terms more restrictive than in its original proposal, including restrictions on Omeros's in-house counsel's ability to engage in patent prosecution. As a result, Plaintiff has been unable to negotiate terms of access to Par's ANDA. Plaintiff therefore relies on the judicial process and the aid of discovery to obtain, under appropriate judicial safeguards, access to Par's ANDA and information about the ANDA Product to confirm its allegations that Par's filing of the ANDA infringes one or more claims of the '707 Patent, the '633 Patent, and '856 Patent.

28.     On information and belief, Defendants have assisted with and participated in the preparation and submission of the Par ANDA, have provided material support to the preparation and submission of the Par ANDA, and intend to support the further prosecution of the Par ANDA.

29.     On information and belief, if FDA approves the Par ANDA, Defendants will manufacture, offer for sale, or sell the ANDA Product within the United States, including within Delaware, or will import the ANDA Product into the United States, including Delaware.

30.     On information and belief, if FDA approves the Par ANDA, Defendants will actively induce or contribute to the manufacture, use, offer for sale, or sale of the ANDA Product.

31.     This action is being brought pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) within forty-five days of Plaintiff's receipt of the Notice Letter.

## COUNT I
## INFRINGEMENT OF THE '707 PATENT

32.     Plaintiff restates, realleges, and incorporates by reference paragraphs 1–31  as if fully set forth herein.

33.     On information and belief, Defendants have submitted or caused the submission of the Par ANDA to FDA, and continue to seek FDA approval of the Par ANDA.

34.     Defendants have infringed the '707 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Par ANDA with a Paragraph IV certification and seeking FDA approval of the Par ANDA prior to the expiration of the '707 Patent.

35.     Defendants' commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product would actively induce and/or contribute to infringement of the '707 Patent.  Accordingly, unless enjoined by this Court, upon FDA approval of ANDA

No. 208417, Defendants will make, use, offer to sell, or sell the ANDA Product within the United States, or will import the ANDA Product into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '707 Patent.

36.    On information and belief, upon FDA approval of ANDA No. 208417, Defendants will market and distribute the ANDA Product to resellers, pharmacies, hospitals and other clinics, health care professionals, and end users of the ANDA Product.  On information and belief, Defendants will also knowingly and intentionally accompany the ANDA Product with a product label and product insert that will include instructions for using and administering the ANDA Product.   Accordingly, Defendants will induce health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe one or more claims of the '707 Patent.  In addition, on information and belief, Defendants will encourage acts of direct infringement with knowledge of the '707 Patent and knowledge that they are encouraging infringement.

37.    Defendants had actual and constructive notice of the '707 Patent prior to filing the Par ANDA, and were aware that the filing of the Par ANDA with the request for FDA approval prior to the expiration of the '707 Patent would constitute an act of infringement of the '707 Patent.  Defendants have no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Product will not contribute to the infringement of and/or induce the infringement of the '707 Patent.

38.    Par's Detailed Statement in the Notice Letter lacks any contention that the ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the '707 Patent.

39. In addition, Defendants filed the Par ANDA without adequate justification for asserting the '707 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product.   Defendants' conduct in certifying invalidity, unenforceability and/or non-infringement with respect to the '707 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

40. Plaintiff will be irreparably harmed if Defendants are not enjoined from infringing, and from actively inducing or contributing to the infringement of the '707 Patent. Plaintiff does not have an adequate remedy at law, and considering the balance of hardships between Plaintiff and Defendants, a remedy in equity is warranted.   Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT II**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '707 PATENT**

41. Plaintiff restates, realleges, and incorporates by reference paragraphs 1–40 as if fully set forth herein.

42. Plaintiff's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

43. On information and belief, if the Par ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Defendants and their affiliates.

44. On information and belief, Defendants know that health care professionals or patients will use the ANDA Product in accordance with the labeling sought by the Par ANDA and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '707 Patent under one or more of 35 U.S.C. §§ 271 (b), (c), (f) and (g).

45.     On information and belief, Defendants' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after the FDA approves the Par ANDA.  Any such conduct before the '707 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '707 Patent under one or more of 35 U.S.C. §§ 271(b), (c), (f) and (g).

46.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiff and Defendants concerning liability for the infringement of the '707 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

47.     Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Plaintiff has no adequate remedy at law.

48.     This case is exceptional, and Plaintiff is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT III
## INFRINGEMENT OF THE '633 PATENT

49.     Plaintiff restates, realleges, and incorporates by reference paragraphs 1–31 as if fully set forth herein.

50.     On information and belief, Defendants have submitted or caused the submission of the Par ANDA to FDA, and continue to seek FDA approval of the Par ANDA.

51.     Defendants have infringed the '633 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Par ANDA with a Paragraph IV certification and seeking FDA approval of the Par ANDA prior to the expiration of the '633 Patent.

52.     Defendants' commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product would actively induce and/or contribute to infringement of the '633 Patent.  Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 208417, Defendants will make, use, offer to sell, or sell the ANDA Product within the United States, or will import the ANDA Product into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '633 Patent.

53.     On information and belief, upon FDA approval of ANDA No. 208417, Defendants will market and distribute the ANDA Product to resellers, pharmacies, hospitals and other clinics, health care professionals, and end users of the ANDA Product.  On information and belief, Defendants will also knowingly and intentionally accompany the ANDA Product with a product label and product insert that will include instructions for using and administering the ANDA Product.  Accordingly, Defendants will induce health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe one or more claims of the '633 Patent.  In addition, on information and belief, Defendants will encourage acts of direct infringement with knowledge of the '633 Patent and knowledge that they are encouraging infringement.

54.     Defendants had actual and constructive notice of the '633 Patent prior to filing the Par ANDA, and were aware that the filing of the Par ANDA with the request for FDA approval prior to the expiration of the '633 Patent would constitute an act of infringement of the '633 Patent.  Defendants have no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Product will not contribute to the infringement of and/or induce the infringement of the '633 Patent.

55.     Par's Detailed Statement in the Notice Letter lacks any contention that the ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the '633 Patent.

56.     In addition, Defendants filed the Par ANDA without adequate justification for asserting the '633 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product.      Defendants' conduct in certifying invalidity, unenforceability and/or non-infringement with respect to the '633 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

57.     Plaintiff will be irreparably harmed if Defendants are not enjoined from infringing, and from actively inducing or contributing to the infringement of the '633 Patent. Plaintiff does not have an adequate remedy at law, and considering the balance of hardships between Plaintiff and Defendants, a remedy in equity is warranted.  Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT IV
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '633 PATENT

58.     Plaintiff restates, realleges, and incorporates by reference paragraphs 1–31 and 49–57 as if fully set forth herein.

59.     Plaintiff's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

60.     On information and belief, if the Par ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Defendants and their affiliates.

61.     On information and belief, Defendants know that health care professionals or patients will use the ANDA Product in accordance with the labeling sought by the Par ANDA

and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '633 Patent under one or more of 35 U.S.C. §§ 271(b), (c), (f) and (g).

62.    On information and belief, Defendants' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after the FDA approves the Par ANDA.  Any such conduct before the '633 Patent expires will i contribute to the infringement of and/or induce the infringement of one or more claims of the '633 Patent under one or more of 35 U.S.C. §§ 271 (b), (c), (f) and (g).

63.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiff and Defendants concerning liability for the infringement of the '633 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

64.    Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Plaintiff has no adequate remedy at law.

65.    This case is exceptional, and Plaintiff is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT V
## INFRINGEMENT OF THE '856 PATENT

66.    Plaintiff restates, realleges, and incorporates by reference paragraphs 1–31 as if fully set forth herein.

67.    On information and belief, Defendants have submitted or caused the submission of the Par ANDA to FDA, and continue to seek FDA approval of the Par ANDA.

68.     Defendants have infringed the '856 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Par ANDA with a Paragraph IV certification and seeking FDA approval of the Par ANDA prior to the expiration of the '856 Patent.

69.     Defendants' commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product would directly infringe, and/or would actively induce and contribute to infringement of the '856 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 208417, Defendants will make, use, offer to sell, or sell the ANDA Product within the United States, or will import the ANDA Product into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '856 Patent.

70.     On information and belief, upon FDA approval of ANDA No. 208417, Defendants will market and distribute the ANDA Product to resellers, pharmacies, hospitals and other clinics, health care professionals, and end users of the ANDA Product. On information and belief, Defendants will also knowingly and intentionally accompany the ANDA Product with a product label and product insert that will include instructions for using and administering the ANDA Product. Accordingly, Defendants will induce health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe one or more claims of the '856 Patent. In addition, on information and belief, Defendants will encourage acts of direct infringement with knowledge of the '856 Patent and knowledge that they are encouraging infringement.

71.     Defendants had actual and constructive notice of the '856 Patent prior to filing the Par ANDA, and were aware that the filing of the Par ANDA with the request for FDA approval prior to the expiration of the '856 Patent would constitute an act of infringement of the '856

Patent.  Defendants have no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the '856 Patent.

72.     Par's Detailed Statement in the Notice Letter lacks any contention that the ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the '856 Patent.

73.     In addition, Defendants filed the Par ANDA without adequate justification for asserting the '856 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product.    Defendants' conduct in certifying invalidity, unenforceability and/or non-infringement with respect to the '856 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

74.     Plaintiff will be irreparably harmed if Defendants are not enjoined from infringing, and from actively inducing or contributing to the infringement of the '856 Patent. Plaintiff does not have an adequate remedy at law, and considering the balance of hardships between Plaintiff and Defendants, a remedy in equity is warranted.  Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT VI
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '856 PATENT

75.     Plaintiff restates, realleges, and incorporates by reference paragraphs 1–31 and 66–74 as if fully set forth herein.

76.     Plaintiff's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

77.     On information and belief, if the Par ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the

State of Delaware, by or through Defendants and their affiliates.  Defendants will therefore infringe one or more claims of the '856 Patent under 35 U.S.C. § 271(a).

78.     On information and belief, Defendants know that health care professionals or patients will use the ANDA Product in accordance with the labeling sought by the Par ANDA and Defendants will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '856 Patent under one or more of 35 U.S.C. §§ 271 (b), (c), (f) and (g).

79.     On information and belief, Defendants' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after the FDA approves the Par ANDA.  Any such conduct before the '856 Patent expires will infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '856 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

80.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiff and Defendants concerning liability for the infringement of the '856 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

81.     Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Plaintiff has no adequate remedy at law.

82.     This case is exceptional, and Plaintiff is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

(A)     A declaratory judgment that under 35 U.S.C. § 271(e)(2)(A), Defendants' submission to the FDA of ANDA No. 208417 to obtain approval for the commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the ANDA Product before the expiration of the '707 Patent was an act of infringement of one or more claims of the '707 Patent;

(B)     A declaratory judgment that under 35 U.S.C. § 271(e)(2)(A), Defendants' submission to the FDA of ANDA No. 208417 to obtain approval for the commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the ANDA Product before the expiration of the '633 Patent was an act of infringement of one or more claims of the '633 Patent;

(C)     A declaratory judgment that under 35 U.S.C. § 271(e)(2)(A), Defendants' submission to the FDA of ANDA No. 208417 to obtain approval for the commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the ANDA Product before the expiration of the '856 Patent was an act of infringement of one or more claims of the '856 Patent;

(D)     A declaratory judgment that under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g), Defendants' commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the ANDA Product, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '707 Patent;

(E)     A declaratory judgment that under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g), Defendants' commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the ANDA Product, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '633 Patent;

(F)     A declaratory judgment that under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g), Defendants' commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the ANDA Product, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '856 Patent;

(G)     The entry of a permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), enjoining Defendants, their affiliates and subsidiaries, and all persons and entities acting in concert with Defendants from commercially manufacturing, using, offering for sale, or selling the ANDA Product within the United States, or importing the ANDA Product into the United States, until the expiration of the '707, '633, and '856 Patents;

(H)     The entry of an order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ANDA No. 208417 shall be no earlier than the last expiration date of any of the '707, '633, and '856 Patents, or any later expiration of exclusivity for any of the '707, '633, and '856 Patents, including any extensions or regulatory exclusivities;

(I)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product, or any product that infringes the '707 Patent,  or induces or contributes to such conduct, prior to the expiration of the '707 Patent;

(J)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product, or any product that infringes the '633 Patent, or induces or contributes to such conduct, prior to the expiration of the '633 Patent;

(K)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of

the ANDA Product, or any product that infringes the '856 Patent, or induces or contributes to such conduct, prior to the expiration of the '856 Patent;

(L)     The entry of judgment declaring that Defendants' acts render this case an exceptional case, and awarding Plaintiff its attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

(M)     An award to Plaintiff of its costs and expenses in this action; and

(N)     Such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

OF COUNSEL:

George F. Pappas
Jeffrey Lerner
Courtney R. Forrest
Matthew Kudzin
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

Jennifer L. Robbins
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000

September 3, 2015

*Attorneys for Plaintiff*