**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| OMEROS CORPORATION,<br><br>       Plaintiff,<br><br>   v.<br><br>PAR STERILE PRODUCTS, LLC and PAR PHARMACEUTICAL, INC.,<br><br>       Defendants. | Civil Action No. 15-cv-773 (RGA)<br><br>**REDACTED - PUBLIC VERISON** |

**PROPOSED JOINT PRETRIAL ORDER
VOLUME I OF II**

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Counsel for Plaintiff Omeros Corporation*

OF COUNSEL:

George F. Pappas
Jeffrey Lerner
Gary M. Rubman
Courtney R. Forrest
Meghan Monaghan
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000

Steven J. Fineman (#4025)
Katharine Lester Mowery (#5629)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
fineman@rlf.com
mowery@rlf.com

*Counsel for Defendants Par Sterile Products, LLC and Par Pharmaceutical, Inc.*

OF COUNSEL:

David Silverstein
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
22nd Floor
New York, NY 10036
dsilverstein@axinn.com

Aziz Burgy
Brett Garrison
Ricardo Camposanto

DC: 6445303-7

Jennifer L. Robbins
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000

AXINN, VELTROP & HARKRIDER LLP
950 F Street, NW
7th Floor
Washington, DC 20004
(202) 912 4700
aburgy@axinn.com
bgarrison@axinn.com
rcamposanto@axinn.com

Francis H. Morrison III
Jonathan Harris
Jeremy Lowe

AXINN, VELTROP & HARKRIDER LLP
90 State House Square
9th Floor
Hartford, CT 06103
fmorrison@axinn.com
jharris@axinn.com
jlowe@axinn.com

Original Filing Date:  June 20, 2017
Redacted Filing Date:  June 30, 2017

Table of Contents

Page

I. Nature of the Case and the Pleadings (L.R. 16.3(1)) ........................................................ 1

II. Jurisdiction (L.R. 16.3(2)) ................................................................................................. 1

III. Admitted Facts (L.R. 16.3(3)) ........................................................................................... 2

IV. Disputed Facts (L.R. 16.3(4)) ........................................................................................... 2

V. Issues of Law (L.R. 16.3(5)) ............................................................................................. 3

VI. Exhibits (L.R. 16.3(6)) ...................................................................................................... 3

VII. Witnesses (L.R. 16.3 (7)) .................................................................................................. 8

VIII. Brief Statement of Intended Proofs (L.R. 16.3(8–9)) .....................................................13

IX. Amendments to Pleadings (L.R. 16.3(11)) ......................................................................13

X. Certification of Settlement Discussions (L.R. 16.3(12)) .................................................13

XI. Miscellaneous Issues (L.R. 16.3(13)) ..............................................................................14

    A. Motions in Limine and Discovery Issues ............................................................14

    B. Expected Duration and Scope of Trial ................................................................14

    C. Type of Trial .......................................................................................................14

    D. Order of Proof.....................................................................................................14

    E. Protective Order and Corporate Representatives in Courtroom ..........................15

XII. Order to Control Course of Action ..................................................................................15

Plaintiff Omeros Corporation ("Omeros" or "Plaintiff") and Defendants Par Sterile Products, LLC and Par Pharmaceutical, Inc.'s (collectively, "Par" or "Defendants") submit the following pretrial order for the Court's consideration. Defendants collectively will be referred to as a single "party."

**I.    Nature of the Case and the Pleadings (L.R. 16.3(1))**

1.   This case, *Omeros v. Par Sterile Products, LLC and Par Pharmaceutical, Inc.*, 15-cv-773-RGA, was filed on September 9, 2015. (*See* Compl., D.I. 1.) Plaintiff has amended its complaint three times, the most recent of which was Plaintiff's Third Amended Complaint. (*See* Compl., D.I. 111.) In the Third Amended Complaint, Plaintiff claims infringement of United States Patent No. 8,173,707; United States Patent No. 8,586,633; United States Patent No. 9,066,856; United States Patent No. 9,278,101; United States Patent No. 9,399,040; and United States Patent No. 9,486,406. (*See id.* at ¶¶ 41–133.)

2.   Defendants counterclaim for invalidity of the patents-in-suit. (*See* Defs. Countercls., D.I. 115 ¶¶ 9–62.)

3.   Defendants have stipulated to infringement of the asserted claims of the patents-in-suit. (*See* Second Suppl. Stip. Regarding Infringement and Order, D.I. 124.)

4.   The case is currently scheduled for a 21 hour bench trial beginning at 9:30 a.m. on July 5, 2017, with subsequent trial days beginning at 9:30 a.m. (Scheduling Order, D.I. 22, ¶ 14.) A Pretrial Conference is scheduled for June 23, 2017, at 9:00 a.m. (Scheduling Order, D.I. 22, ¶ 12.)

**II.   Jurisdiction (L.R. 16.3(2))**

5.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 as a result of the patent infringement claims and related

declaratory judgment claims and counterclaims in this action.  Defendants do not contest subject matter jurisdiction over this action.

### III.     Admitted Facts (L.R. 16.3(3))

6.      The parties stipulate to the facts listed in attached **Exhibit 1**. These stipulated facts require no proof at trial and will become part of the evidentiary record in this case.

### IV.     Disputed Facts (L.R. 16.3(4))

7.      Plaintiff's Statement of Facts That Remain To Be Litigated is attached as **Exhibit 2**. Plaintiff reserves all rights to revise and/or supplement these statements in the event that Defendants attempt to present any prior art not set forth as required by the Federal Rules of Civil Procedure and 35 U.S.C. § 282, and/or any references, combinations of references for obviousness, and/or any other invalidity arguments not set forth in Defendants' statement of facts.  Further, for avoidance of doubt, Plaintiff disputes and reserves all rights to introduce evidence and argument rebutting the statements set forth in Defendants' Statement of Issues of Law Remaining to be Litigated.

8.      Defendants' Statement of Facts That Remain To Be Litigated is attached as **Exhibit 3**. Defendants reserve the right to revise and/or supplement these statements in the event that Plaintiff attempts to present any argument not previously disclosed to Defendants as required by the Federal Rules of Civil Procedure and/or any other arguments not set forth in Plaintiff's statement of fact and/or to address any and all new arguments that Plaintiff might raise as the subject of letter briefing.  Further, for avoidance of doubt, Defendants dispute and reserve all rights to introduce evidence and argument rebutting the statements set forth in Plaintiff's Statement of Issues of Law Remaining to be Litigated.

9. Should the Court determine that any issue identified in a party's Statement of Facts That Remain To Be Litigated is more properly considered an issue of law, it should be so considered.

**V.     Issues of Law (L.R. 16.3(5))**

10. Plaintiff's Statement of Issues of Law That Remain To Be Litigated is attached as **Exhibit 4**.

11. Defendants' Statement of Issues of Law That Remain To Be Litigated is attached as **Exhibit 5**.

12. Should the Court determine that any issue identified in a party's Statement of Issues of Law That Remain To Be Litigated is more properly considered an issue of fact, it should be so considered.

**VI.    Exhibits (L.R. 16.3(6))**

13. The list of exhibits which may be offered by Plaintiff, including Defendants' objections thereto, is attached as **Exhibit 6**.

14. The list of exhibits which may be offered by Defendants, including Plaintiff's objections thereto, is attached as **Exhibit 7**.

15. Plaintiff's trial exhibits will be identified with **PTX** numbers. Defendants' trial exhibits will be identified with **DTX** numbers.

16. The parties have agreed that to streamline witness examinations at trial, it would be helpful for certain exhibits to be pre-admitted. Therefore, prior to trial, the parties will submit a Joint Trial Exhibit List. Joint trial exhibits will be identified with **JTX** numbers. A pre-admitted exhibit will not be part of the ultimate trial record in this case unless it is introduced through a witness (either live or by deposition) or published during trial.

17. The parties stipulate to the authenticity of the following categories of documents:

3

      a.      Any document listed on the Joint Trial Exhibit List;

      b.      U.S. Patents and their file histories;

      c.      Original and supplemental ANDA, NDA, and IND submissions;

18. Each party reserves the right to offer exhibits set forth on any other party's exhibit list, even if not set forth on its own exhibit list. All objections to such exhibits are preserved, regardless of whether such exhibits also appear on the objecting party's exhibit list.

19. Any exhibit, once admitted at trial, may be used equally by any party for any proper purpose, subject to any limitations as to its admission into evidence. The listing of a document on a party's list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document. Each party reserves the right to object to the relevance or admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

20. The parties reserve the right to offer exhibits not set forth in their exhibit lists for purposes of impeachment or cross-examination. If exhibits used for cross-examination and/or impeachment do not appear on any exhibit list, they may not be admitted as substantive evidence.

21. Any document not listed in **Exhibit 6** or **Exhibit 7** above and not offered for purposes of impeachment or cross-examination, will be precluded from trial, absent good cause shown.

22. The demonstratives the parties intend to use at trial do not need to be described on their respective lists of trial exhibits. Plaintiff's demonstratives will be identified with **PDX** numbers. Defendants' demonstratives will be identified with **DDX** numbers.

23. Each demonstrative exhibit shall disclose on the face of the demonstrative exhibit all trial exhibits that form the basis of the demonstrative exhibit (including the beginning and ending time stamps for any video clips that constitute less than an entire exhibit).

24. The parties shall identify by electronic mail any trial exhibits to be used in opening statements, and shall exchange any demonstrative exhibits to be used in opening statements, [*Plaintiff's proposal*: by 9:00 a.m. three days before] [*Defendants' proposal*: by 7:00 p.m. one calendar day before] trial begins. Objections to exhibits identified for use during opening statements shall be made [*Plaintiff's proposal*: by 6:00 p.m. two days before] [*Defendants' proposal*: by electronic mail by 9:00 p.m. one calendar day before] trial begins, and the parties shall meet and confer by [*Plaintiff's proposal*: 9:30 p.m.] [*Defendants' proposal*: 10:00 p.m.] that day to resolve the objections. Any unresolved disputes as to the trial exhibits or demonstrative exhibits to be used in opening statements shall be raised with the Court as appropriate before trial begins.

25. Unless otherwise agreed to by the parties, the parties will identify the witnesses expected to testify [*Plaintiff's proposal*: on an issue on which the party calling the witness bears the burden of proof] (live or by deposition), and the order in which they will testify, by [*Plaintiff's proposal*: 8:00 p.m. three days before] [*Defendants' proposal*: 7:00 p.m. two calendar days before] the direct examination is to take place (*e.g.*, a witness to be called on a Wednesday must be identified on a list by [*Plaintiff's proposal*: 8:00 p.m. the preceding Sunday] [*Defendants' proposal*: 7:00 p.m. the preceding Monday]). Unless otherwise agreed to

5

by the parties, the parties will identify the witnesses expected to testify in rebuttal (live or by deposition), and the order in which they will testify, by 6:30 p.m. one calendar day before the direct examination is to take place (*e.g.*, a witness to be called on a Friday must be identified on a list by 6:30 p.m. on the preceding Thursday).

26.     The parties have agreed to the following procedure for the exchange of trial exhibits to be used with witnesses on direct examination. Unless otherwise agreed by the parties, for each witness expected to testify [*Plaintiff's proposal*:  on an issue on which the party calling the witness bears the burden of proof], the parties shall provide by electronic mail a written list of the trial exhibits that they expect to use on direct examination by [*Plaintiff's proposal*:  8:00 p.m. three days before] [*Defendants' proposal*:  7:00 p.m. one calendar day before] the direct examination is expected to take place. Objections to trial exhibits shall be made by [*Plaintiff's proposal*:  7:00 p.m. two days before] [*Defendants' proposal*:  9:00 p.m. one calendar day before] the witness will testify. The parties shall then meet and confer by 10:00 p.m. the day that objections are made in an attempt to resolve any objections to the trial exhibits that are expected to be used during direct examination.

27.     Unless otherwise agreed by the parties, for witnesses expected to testify in rebuttal, the party calling the witness shall provide by electronic mail a written list of the trial exhibits that they expect to use on direct examination by 6:30 p.m. one calendar day before the direct examination is expected to take place. Objections to trial exhibits shall be made by 9:00 p.m. one calendar day before the witness will testify. The parties shall then meet and confer by 10:30 p.m. that day in an attempt to resolve any objections to the trial exhibits that are expected to be used during direct examination.

28. The parties have agreed to the following procedure for the exchange of demonstrative exhibits to be used with witnesses on direct examination. Unless otherwise agreed by the parties, for each witness expected to testify [*Plaintiff's proposal*: on an issue on which the party bears the burden of proof], the party calling the witness shall provide the other party with final copies (subject only to addressing evidentiary concerns and rulings) of all demonstrative exhibits to be used in the direct examination of that witness by [*Plaintiff's proposal*: 8:00 p.m. three days before] [*Defendants' proposal*: 7:00 p.m. one calendar day before] that witness will testify. Objections to demonstratives shall be made by [*Plaintiff's proposal*: 7:00 p.m. two days before] [*Defendants' proposal*: 9:00 p.m. one calendar day before] the witness will testify. The parties shall then meet and confer by 10:00 p.m. the day that objections are made in an attempt to resolve any objections to the demonstrative exhibits that are expected to be used during direct examination.

29. Unless otherwise agreed by the parties, for witnesses expected to testify in rebuttal, the party calling the witness shall provide the other party with final copies (subject only to addressing evidentiary concerns and rulings) of all demonstrative exhibits to be used in the direct examination of that witness by 6:30 p.m. one calendar day before that witness will testify. Objections to demonstratives shall be made by [*Plaintiff's proposal*: 9:30 p.m. the day before] [*Defendants' proposal*: 9:00 p.m. one calendar day before] the witness will testify. The parties shall then meet and confer by 10:30 p.m. that day in an attempt to resolve any objections to the demonstrative exhibits that are expected to be used during direct examination.

30. The parties agree to provide color PDF files of demonstrative exhibits. The notice provisions of this paragraph shall not apply to demonstrative exhibits created in the courtroom

during testimony at trial or the enlargement, simple highlighting, ballooning, or excerption of trial exhibits or testimony.

31. Any objection to any trial exhibit or demonstrative exhibit that is maintained following the meet and confer process may be taken up with the Court prior to the witness's testimony or as otherwise directed by the Court.

32. Demonstratives and exhibits to be used on cross-examination are not required to be provided to the other side in advance.

33. Any exhibit identified on a party's exhibit list and not objected to is deemed to be admissible and may be entered in evidence by the party, except that nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of the case.

34. The parties stipulate to the authenticity of all exhibits identified on each party's list, except where a specific objection is set forth in an exhibit list challenging that document's authenticity. Any objection to a document's authenticity must be made in this pretrial order.

35. Legible copies of United States patents and the contents of United States patents, as well as their corresponding prosecutions, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

**VII.   Witnesses (L.R. 16.3 (7))**

36. Plaintiff's list of witnesses it may call at trial and deposition designations, along with Defendants' objections thereto and counter-designations, are attached as **Exhibits 8a–b**.

37. Defendants' list of witnesses they may call at trial and deposition designations, along with Plaintiff's objections thereto and counter-designations, are attached as **Exhibits 9a–b**.

38.     [*Plaintiff's proposal*: Each witness shall testify no more than one time.]  Any witness not listed in Exhibits 8a to 9b above will be precluded from trial absent good cause shown.  Such good cause shall include testimony required to authenticate any documents subject to an authenticity objection.  The scope of testimony for an unlisted witness used for authentication shall be limited to authentication.

39.     [*Defendants' proposal*: Each witness shall testify no more than one time, except that expert witnesses who testify during Defendants' case on invalidity shall be allowed to provide testimony also during Defendants' rebuttal case.  The scope of such testimony shall be limited to testimony concerning objective indicia of non-obviousness.]

40.     In the absence of an alternative agreement between the parties, fact witnesses other than a party's in-house counsel shall be sequestered.

41.     In the absence of an alternative agreement between the parties, expert witnesses shall not be sequestered.

42.     For good cause shown, limited supplementation of deposition designations will be permitted through the close of trial unless the opposing party will be unfairly prejudiced by such supplementation.  The opposing party shall have the right to counter-designate.  Supplementation to designate testimony for purposes of identification or authentication of a document shall satisfy the requirement of good cause.

43.     [*Plaintiff's proposal*: To the extent that deposition designations or counter-designations are admitted into evidence, they must be either read in open court or played by video in open court.  If a party opts to introduce deposition testimony, any counter-designation of that same witness's testimony must be presented by the same method as the affirmative designations, and the testimony designated by both parties will be read or played in the sequence

9

in which the testimony was originally given at deposition. To the extent deposition designations are read in open court, time will be charged to each party in proportion to the number of lines designated by that party. To the extent deposition designations are played by video in open court, time will be charged to each party according to the actual play time of the video clips designated by that party.] [*Defendants' proposal*: To the extent that deposition designations or counter-designations are admitted into evidence, they must be either read in open court or played by video in open court. Unless otherwise instructed by the Court, the introducing party reserves the right to select through which of those two methods a given designation will be introduced. Any counter-designations to a given witness's testimony must also be either read in open court or played by video in open court. Unless otherwise instructed by the Court, the party introducing such a counter-designation reserves the right to select through which of those two methods said counter-designation will be introduced. If a given deposition designation is read in open court, the time available for each party's trial presentation shall be reduced by the length of time it takes to read the respective party's designations of each witness's deposition testimony. If a given deposition designation is played by video in open court, the time available for each party's trial presentation shall be reduced by the actual play time of the video clips designated by that party.]

44. [*Plaintiff's proposal*: The parties each reserve the right to offer deposition testimony designated by any other party (whether as a designation or a counter-designation) even if not separately listed on its own deposition designation list, subject to evidentiary objections.] [*Defendants' proposal*: Each party may not offer deposition testimony designated by the other party.][12]

---

[1] Defendants made this proposal for the first time less than two hours before the deadline for filing this Pretrial Order. As a result, Plaintiff has not had time to revise any of its deposition

10

45. [*Plaintiff's proposal:* Each party shall make a good-faith effort to narrow its deposition designations to those that it intends to introduce at trial by no later than June 27, 2017 at 6:00 p.m.] [*Defendants' proposal*: To the extent a party seeks to narrow its deposition designations, it may do so according to the procedures in the following paragraphs.]

46. Each party will provide to the other party the name and order of any witness that it expects to call to testify by deposition testimony [*Plaintiff's proposal*: (regardless of burden of proof) by 7:30 p.m. three days before] [*Defendants' proposal*: by 7:00 p.m. one calendar day before] the designations are to be used at trial, as well as a list of the specific deposition designations, by line and page number of the transcript as well as the start/end times of each video clip, of each deposition transcript that the party will use that day, and an identification of any exhibits expected to be published in connection with the deposition testimony.

47. Objections and counter-designations to any deposition designations shall be provided by [*Plaintiff's proposal*: 7:30 p.m. two days before] [*Defendants' proposal*: 9:00 p.m. one calendar day before] the deposition is expected to be played by video [*Defendants' proposal*: or read in open court]. The party offering the deposition testimony designations [*Defendants' proposal*: , if doing so by video,] shall then provide a "clip report" showing videotape run-times for both the deposition designations and counter-designations; and the parties shall meet and confer before trial begins the next day in an attempt to resolve any objections to the deposition designations.

---

designations to account for Defendants' new proposal. Accordingly, adopting Defendants' proposal will result in prejudice to Plaintiff. Prior to the pretrial conference, Plaintiff will endeavor to confer with Defendants about this issue.

[2] Par disagrees with Omeros's positions. Omeros had fair opportunity to designate affirmative deposition testimony as part of the parties' pretrial order exchanges. On June 5, 2017, Omeros designated testimony from a single deponent and also disclosed six fact witnesses as "may calls" by "live" testimony. At 2:53 p.m. on June 20, 2017, Omeros served a supplemental witness list disclosing five fact witnesses as "may calls" by "live" testimony.

48. Deposition testimony shall be identified by specific page and line citations both when the party that expects to use the testimony at trial identifies it to the other parties and when any of the other parties provide objections to the testimony.

49. [*Plaintiff's proposal*: If during the deposition designation process, either party cancels the use of a deposition designation that it previously made, the other party may adopt that designation or a portion of that designation for its own purposes. The canceling party reserves the right to object to the use of the deposition testimony by the adopting party. Further, any counter-designation listed in the Pretrial Order may be used in response to any designation by the designating party of the same witness, and counter-designations need not be listed separately for each line of testimony for which it may be used in response.] [*Defendants' proposal*: If during the deposition designation process, either party cancels the use of a deposition designation that it previously made, the other party may not adopt that designation or a portion of that designation for its own purposes. Further, any counter-designation listed in the Pretrial Order may only be used in response to the line of testimony designated, and counter-designations must be listed separately for each line of testimony for which it may be used in response.][34]

---

[3] Defendants made this proposal for the first time less than two hours before the deadline for filing this Pretrial Order. As a result, Plaintiff has not had time to revise any of its deposition designations to account for Defendants' new proposal. Accordingly, adopting Defendants' proposal will result in prejudice to Plaintiff. Prior to the pretrial conference, Plaintiff will endeavor to confer with Defendants about this issue.

[4] Par disagrees with Omeros's positions. Omeros had fair opportunity to designate affirmative deposition testimony as part of the parties' pretrial order exchanges. On June 5, 2017, Omeros designated testimony from a single deponent and also disclosed six fact witnesses as "may calls" by "live" testimony. At 2:53 p.m. on June 20, 2017, Omeros served a supplemental witness list disclosing five fact witnesses as "may calls" by "live" testimony.

50. Any objections to any trial exhibit or demonstrative that is maintained following any meet and confer process may be taken up with the Court prior to the opening or the witness's testimony or as otherwise directed by the Court.

51. Any deposition testimony to be used at trial may be used whether or not the transcripts of such deposition have been signed and filed.

52. The listing of a deposition designation does not constitute an admission as to the admissibility of the testimony, nor is it a waiver of any applicable objection.

53. Plaintiff's experts' curriculum vitae are attached as **Exhibit 10a–10e**.

54. Defendants' experts' curriculum vitae or resumes are attached as **Exhibit 11a–11f**.

## VIII. Brief Statement of Intended Proofs (L.R. 16.3(8–9))

55. In support of its claims and in addition to the facts not in dispute, Plaintiff expects to offer the proofs set forth in **Exhibit 12**.

56. In support of their claims and in addition to the facts not in dispute, Defendants expect to offer the proofs set forth in **Exhibit 13**.

## IX. Amendments to Pleadings (L.R. 16.3(11))

57. Other than the previously-submitted amendments to the pleadings, the parties do not offer any amendments to the pleadings at this time.

## X. Certification of Settlement Discussions (L.R. 16.3(12))

58. The parties certify that they have engaged in a good faith effort to explore the resolution of the controversy by settlement. A settlement has not yet been reached.

**XI. Miscellaneous Issues (L.R. 16.3(13))**

    **A. Motions in Limine and Discovery Issues**

59. Plaintiff's *in limine* motions, along with Defendants' oppositions thereto and Plaintiff's reply, are set forth in **Exhibits 14–16**.

    **B. Expected Duration and Scope of Trial**

60. Trial with Plaintiff and Defendants is scheduled to begin on July 5, 2017 and to last 3 days or 21 hours total. Fifty percent of that time (10.5 hours) will be allotted to Plaintiff and the remaining fifty percent (10.5 hours) to Defendants collectively. Time that a party is presenting opening statements, examining or cross-examining witnesses, presenting evidence by reading or playing a deposition transcript, or otherwise presenting argument on behalf of a party will be counted as the time of that party.

61. Notwithstanding the foregoing, where an objection to the examination or cross examination of a witness takes more than 1 minute to resolve, then the full time taken to resolve the objection shall be charged to the objecting party if the objection is overruled, and the examining party if the objection is sustained.

    **C. Type of Trial**

62. This is a non-jury trial.

    **D. Order of Proof**

63. The presentation of evidence shall proceed in the following order:

    a. Opening arguments: Defendants, then Plaintiff.

    b. Defendants' case on invalidity.

    c. Plaintiff's rebuttal case on validity.

    d. [*Plaintiff's proposal*: Defendants should not be permitted a rebuttal case on objective indicia of non-obviousness. In the alternative, it should be limited to witnesses who

14

have not previously testified.] [*Defendants' proposal*: Defendants' rebuttal case on objective indicia of non-obviousness, including expert witnesses who testified in Defendants' case-in-chief.  The scope of testimony of such expert witnesses shall be limited to testimony concerning objective indicia of non-obviousness.]

### E. Protective Order and Corporate Representatives in Courtroom

64. The Court has entered a Stipulated Protective Order (D.I. 40) (the "Protective Order") to protect "trade secrets or other confidential research, development, manufacturing, regulatory, financial, marketing or other competitive information." (Protective Order at 1.)

65. The presentation of evidence at trial will take place in open court, unless a party requests and the Court grants the request to close the courtroom during presentation of certain portions of the evidence.

66. The parties have agreed that the individuals designated as in-house counsel in Paragraph 2(h) of the Protective Order, or other in-house counsel agreed to by the parties, may attend any closed portion of the trial, except, however, that each party has the right to exclude the other parties' in-house counsel from any portion of trial concerning the party's own information that it has previously designated "Technical Confidential Information" under the Protective Order.

## XII. Order to Control Course of Action

67. This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

Dated: June 20, 2017

Respectfully submitted,

| */s/ Stephen J. Kraftschik* | */s/ Katharine Lester Mowery* |
|---|---|
| Jack B. Blumenfeld (#1014) | Steven J. Fineman (#4025) |
| Stephen J. Kraftschik (#5623) | Katharine Lester Mowery (#5629) |
| Maryellen Noreika (#3208) | RICHARDS, LAYTON & FINGER, P.A. |
| MORRIS, NICHOLS, ARSHT & TUNNEL | One Rodney Square |
| 1201 North Market Street, 16th Floor | 920 North King Street |
| P.O. Box 1347 | Wilmington, Delaware 19801 |
| Wilmington, DE 19899-1347 | (302) 651-7700 |
| (302) 658-9200 | fineman@rlf.com |
| jblumenfeld@mnat.com | mowery@rlf.com |
| mnoreika@mnat.com | |

*Counsel for Plaintiff Omeros Corporation*

OF COUNSEL:

George F. Pappas
Jeffrey Lerner
Gary M. Rubman
Courtney R. Forrest
Meghan Monaghan
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000

Jennifer L. Robbins
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000

*Counsel for Defendants Par Sterile Products, LLC and Par Pharmaceutical, Inc.*

OF COUNSEL:

David Silverstein
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
22nd Floor
New York, NY 10036
dsilverstein@axinn.com

Aziz Burgy
Brett Garrison
Ricardo Camposanto
AXINN, VELTROP & HARKRIDER LLP
950 F Street, NW
7th Floor
Washington, DC 20004
(202) 912 4700
aburgy@axinn.com
bgarrison@axinn.com
rcamposanto@axinn.com

Francis H. Morrison III
Jonathan Harris
Jeremy Lowe

AXINN, VELTROP & HARKRIDER LLP
90 State House Square

9th Floor
Hartford, CT 06103
fmorrison@axinn.com
jharris@axinn.com
jlowe@axinn.com